26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank MELENDEZ, Jr., Defendant-Appellant.
 No. 93-50599.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Melendez, Jr., appeals his 235-month sentence imposed following entry of a guilty plea to possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Melendez contends that the district court erred by denying an adjustment in his offense level as a minimal participant. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error whether a defendant is a minor or minimal participant. United States v. Madera-Gallegos, 945 F.2d 264, 268 (9th Cir.1991).
 
 
 4
 The Sentencing Guidelines provide for adjustments in the offense level if the defendant played a mitigated role in the offense. A defendant is entitled to a two-level downward adjustment if he was a minor participant and a four-level downward adjustment if he was a minimal participant. U.S.S.G. Sec. 3B1.2. The minimal participant adjustment applies "infrequently," but is appropriate when "an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Id. Sec. 3B1.2, comment. (n. 2); see, e.g., United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (adjustment denied to a courier of a substantial amount of narcotics).
 
 
 5
 Melendez argues that he is entitled to the minimal participant adjustment because his conduct was unsophisticated and he was paid a small amount to deliver a truck, which he thought contained marijuana. The district court granted a minor role adjustment, but denied further reduction for role in the offense because of the large quantity of cocaine involved. Because Melendez was found in possession of approximately 500 pounds of cocaine, the district court's refusal to apply the minimal participant adjustment was not clearly erroneous. See Lui, 941 F.2d at 849.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3